TOWN OF SOUTHINGTON ET AL. *v.* ANTONIO DE MELLO
(4370)

HULL, DALY and BIELUCH, Js.

Argued December 10, 1986—decision released April 28, 1987

*Allen J. Segal,* for the appellant (defendant).
*John F. Kania,* for the appellees (plaintiffs).

BIELUCH, J. This is an appeal from the trial court's order finding the defendant in contempt. In essence, the defendant's various claims of error are (1) that the trial court had no authority under the facts of this case

to impose a fine for civil contempt against the defendant, (2) that the trial court's order requiring removal of a stairway to the second floor of the defendant's building was improper and unwarranted, and (3) that the amount of the fine was excessive and unsupported by the evidence. We find no error.

The following facts are not in dispute. This action has a lengthy history and arose from the construction of a second story addition to a one story dwelling at 685 Queen Street, Southington, owned by the defendant. The building is a single family residence located in Southington and is in an area designated as a "Business Zone B." The building represents a nonconforming use under such zoning restrictions and, as such, may only be converted to a two family dwelling by a special exception permit from the town zoning board of appeals. Furthermore, a building permit must be obtained from the local building official prior to the construction of any structural alterations to the building. See General Statutes § 29-263; Southington Zoning Regs. § 14-02.1.

The defendant commenced construction of a second story addition to his building without obtaining a special exception or the proper building permits. On September 18, 1975, the town building official ordered the defendant to cease work on the addition and posted a stop-work placard on the premises. Despite this directive, however, the defendant continued construction of the addition. By February 15, 1977, the addition appeared to be complete, and remained so until the time of trial.

On April 24, 1976, the defendant was served with a complaint seeking an order from the court requiring the removal of the structure built in violation of the state building code and town zoning regulations. The complaint further requested a permanent injunction

restraining the defendant from continuing such violation as well as "a penalty sufficient to compel compliance with" the court's injunction.

On March 23, 1978, the trial court rendered its decision for the plaintiffs and ordered that the defendant, his servants and agents, be permanently enjoined from using the second story addition for any purpose under a penalty of $10,000. The court denied the plaintiffs' request to compel removal of the second story addition, as "it would border on economic waste to compel the removal of the offending addition." The town building official thereafter moved the court to find the defendant in contempt for an alleged violation of the permanent injunction. By its decision dated December 10, 1984, the trial court found the defendant in contempt of the March 23, 1978 injunction. As part of this ruling, the court ordered, inter alia, that the defendant remove the exterior staircase to the second floor addition before December 14, 1984. The defendant initially complied with this order, but thereafter reconstructed the staircase sometime prior to May 3, 1985. On that day, and subsequently on May 8, 14 and 17, 1985, the town building official inspected the premises and found that the staircase was again replaced by the defendant and attached to the second floor landing in violation of the court order of December 10, 1984.

On the basis of the result of these inspections, the plaintiffs, on May 17, 1985, again moved the court to find the defendant in contempt for violation of the court orders of March 23, 1978, and December 10, 1984. While this motion was pending, the building inspector on May 31, 1985, found that the defendant had disconnected the staircase from the second floor landing and left it lying on the ground.

On July 8, 1985, after the conclusion of the hearing on the plaintiffs' motion, the court made the following

orders: "[1] Previous orders are to remain in effect; [2] Landing on second floor is to be removed; [3] Door is to be sealed with plyscore and nailed shut; [4] Windows on second floor are to be sealed with plyscore and nailed shut; [5] Defendant is to pay plaintiffs' attorney's fees of $500; [6] Defendant is to pay $1000 for each of the four days [May 3, 8, 14 and 17, 1985] he was in violation of the court's orders, for a total of $4000; [7] If the work ordered today is completed by 7-22-85, the fine may be reduced to $500 for each of the four days the defendant was in violation of the court's orders; [8] Defendant is to begin an investigation into the costs and methods for removing the second floor and is to report back to court on 9-16-85."

Thereafter, the defendant's motion to reargue was denied by the court on July 18, 1985, when it issued the following order: "Defendant is Found in Contempt-the judgment is reopened to do this. Defendant's appeal period runs from today. Fine to be paid to the town of Southington." The defendant then appealed to this court. Upon motion of the defendant, the court further articulated its decision and orders.[1]

"A contempt adjudication may be reviewed to determine (1) whether the conduct for which the penalty was imposed could constitute a contempt, and (2) whether the punishment inflicted was authorized." *Mays* v. *Mays,* 193 Conn. 261, 265, 476 A.2d 562 (1984). The defendant alleges that the acts complained of did not

---

[1] In this articulation, the court ordered that the fine imposed was to be paid to the state. The defendant filed a motion for review of this articulation with this court in which he requested that the trial court be directed to order that the fine be paid to the town of Southington as originally ordered. The trial court was so directed and it amended its order accordingly. See *Board of Education* v. *Shelton Education Assn.,* 173 Conn. 81, 85–86, 376 A.2d 1080 (1977), and *McTigue* v. *New London Education Assn.,* 164 Conn. 348, 355, 321 A.2d 462 (1973), in which the court determined that a finding of contempt is deemed criminal where the fine is payable to the state rather than to the plaintiff.

constitute contempt. The evidence supporting the court's finding of contempt is as follows: The building official for the town of Southington on May 3, 1985, inspected the premises and observed that the exterior and only stairway to the second floor had been reconstructed. He walked up the stairway and, looking through a window in the door, observed a paint can and paint brush on the counter inside the addition. The building official inspected the subject premises on three subsequent days that month, May 8, 14 and 17, 1985. On each of these additional occasions, the staircase to the second floor was in place.

The court's original injunction that was issued on March 23, 1978, against "the defendant and his servants and agents . . . [enjoining forever] any further use for any purpose of the said second-story addition" was in effect at the time of the building inspector's four separate visits to the premises in May, 1985, before the plaintiffs initiated the final contempt proceedings. Additionally, the court's supplementary orders of December 10, 1984, prohibiting the use of the addition "for any purposes whatsoever, including storage," and further specifically requiring the defendant to "remove the exterior staircase to the subject premises" under penalty of $1000 per day were also in force on the four visits of the building inspector. It was upon the violation in May, 1985, of the subsequent orders in particular that the court based its finding of contempt and imposition of penalty. The reconstruction of the stairway between December 14, 1984, and May 3, 1985, the presence of the staircase on May 3, 8, 14 and 17, 1985, and the use of the premises as evidenced by the presence of painting materials inside the second story addition amply support the court's finding of contempt for violation of the orders of December 10, 1984.

The defendant claims that the court's order of December 10, 1984, requiring the removal of the exte-

rior staircase was invalid because it conflicted with the court's prior injunction of March 23, 1978, which allegedly allowed the addition to remain intact. There is no merit to this argument. The court's earlier decision merely refused to order that the second story be removed. The court at that time expressed the opinion that "justice can be served as well by enjoining its use." It did not rule that the second story stairway had to remain in existence. The subsequent violation of the original injunction against use of the premises by means of the existing staircase evoked the further injunctive relief of December 10, 1984, specifically calling for the removal of the exterior staircase to prevent further use of the addition.

The defendant also argues that the mere existence of a paint can and paint brush in the apartment cannot reasonably be viewed as use of the addition. We disagree with the claim that such a conclusion drawn by the court was unreasonable. The court's supplementary orders of December 10, 1984, specifically enjoined the defendant as follows: "(1) The Defendant is prohibited from using the subject premises at 685 Queen Street, Southington, Connecticut, for any purposes whatsoever, including storage; (2) The Defendant is to prohibit anyone else from using the premises; (3) The Defendant is to remove all items of furniture, appliances and other removable items; (4) The Defendant is to remove the exterior staircase to the subject premises; (5) The Defendant is ordered to comply with this order on or before Thursday, December 13, 1984. The Defendant is ordered to permit inspection by the Town of Southington on December 14, 1984. There will be a $1,000 fine per day beginning December 14, 1984, and continuing at the rate of $1,000 per day until the Defendant complies with the above said Orders; (6) The Defendant is further ordered to pay to the Plaintiff costs of the Motion For Contempt and an Attorney's

Fee of $250." The defendant was prohibited from using the premises "for any purposes whatsoever, including storage." The presence of the painting materials on the premises, coupled with the reconstruction of the staircase after its prior enjoined removal on December 10, 1984, is strong circumstantial evidence of the use of the addition by the defendant.

We find, therefore, that the trial court could reasonably have found from the evidence, as it did, that the defendant violated the orders of December 10, 1984, prohibiting the use of the addition and the maintenance of the stairway to it.

The next issue we address is whether the fines imposed were legally correct in view of the nature of the contempt found. It is undisputed that the defendant was found in civil contempt. See *Board of Education* v. *Shelton Education Assn.*, 173 Conn. 81, 85–86, 376 A.2d 1080 (1977); *McTigue* v. *New London Education Assn.*, 164 Conn. 348, 352–55, 321 A.2d 462 (1973) (distinguishing civil contempt from criminal contempt). The trial court's original permanent injunction issued on March 23, 1978, provided for "a penalty of $10,000 against any further use for any purpose of the said second-story addition to the one-story, single-family dwelling at 685 Queen Street in the Town of Southington." The court's order of December 10, 1984, provided for "a $1,000 fine per day beginning December 14, 1984, and continuing at the rate of $1,000 per day until the Defendant complies with the above said Orders," including the removal of the exterior staircase to the second floor. On July 8, 1985, the court fined the defendant pursuant to the order of December 10, 1984, after its finding of contempt. The court fined the defendant $1000 for each day of the four days, May 3, 8, 14 and 17, 1985, that the defendant was found to have been in violation of the injunction, as determined from the evidence of the building official's visits to the

premises, for a total fine of $4000. As an inducement for self-help and early compliance, the court further provided that the fine would be reduced to $500 for each violation, for a total of $2000, if the defendant complied with the court's simultaneous order requiring removal of the second floor stair landing and sealing of the door and windows of the addition within two weeks, the staircase having been previously taken down between May 17 and May 31, 1985, during the pendency of the contempt proceedings.

The defendant claims that the fines were improper in that they constituted punitive sanctions, which are only appropriate in criminal contempt holdings. See *Board of Education* v. *Shelton Education Assn.*, supra, 86. "Sanctions for civil contempt may be either a fine or imprisonment; the fine may be remedial or it may be the means of coercing compliance with the court's order and compensating the complainant for losses sustained. *United States* v. *United Mine Workers,* 330 U.S. 258, 303–304, 67 S. Ct. 677, 91 L. Ed. 884 [1947]. In civil contempt the fine must be conditional and coercive, and may not be absolute. *Penfield Co.* v. *S.E.C.,* 330 U.S. 585, 595, 67 S. Ct. 918, 91 L. Ed. 1117 [1947]." *Board of Education* v. *Shelton Education Assn.*, supra 85. As the defendant correctly points out, ordinarily one should be afforded an opportunity to obtain a full release from the fines imposed by compliance with the judicial decree. See *Connolly* v. *Connolly,* 191 Conn. 468, 482, 464 A.2d 837 (1983). What the defendant's argument ignores, however, is his patience-straining prolongation of the controversy with the town building officials over the illegal addition to his building for a decade.

The construction began on or about September 16, 1975. The plaintiffs brought their injunction action on April 24, 1976. In his trial brief filed in that action, the defendant admitted that "[o]n or about September 16,

1975, the Defendant hired a carpenter to erect a second story to the dwelling in question, which was completed on or before April 22, 1976." The first injunction was issued on March 23, 1978. Three years later, on March 30, 1981, the plaintiffs moved that the defendant be cited for contempt for permitting the second story addition to be occupied. By agreement of the parties, without penalty, the following orders were entered by the court on May 4, 1981: "(1) The following items are to be removed from the premises forthwith, 1 couch, 1 stove, 1 refrigerator; (2) A regular system of inspection is hereby established as follows: A Southington Building Official shall inspect the premises each first Tuesday of the month . . . . " The following year, the defendant was again cited for contempt. After a hearing, the defendant was found in contempt on April 26, 1982, and ordered to pay a fine, attorney's fees and costs. Thereafter, on September 26, 1984, the plaintiffs for the third time moved that the defendant be adjudged in contempt. On December 10, 1984, after a hearing, the defendant was once again "found in contempt of the judgment dated March 23, 1978." While not punished on this occasion under the conditional penalty of that judgment, the court issued the supplementary injunctive orders previously recited which were designed to make the second story premises thereafter inaccessible by the forced removal of the staircase. Initially, the defendant complied with this further injunction on December 13, 1984, to avoid the prescribed daily fine. Subsequently, however, while that order of removal continued in force, the defendant restored the stairway before May 3, 1985, and resumed the use of the outlawed premises. This repeated violation led the court on the fourth complaint of contempt to impose the fine which the defendant attempts to void by this appeal.

When the trial court found the defendant in contempt for the *third* time on December 10, 1984, its order included conditional coercive fines of $1000 a day for future violations of its orders beginning on December 14, 1984. At that point of time, the defendant had the ability to avoid payment of the fine by complying with the terms of the injunction. When the defendant violated the court order of December 10, 1984, and was adjudged by the trial court on July 8, 1985, in contempt for the fourth time, the court imposed alternate fines for the violations proven to have occurred on May 3, 8, 14 and 17, 1985, subject to the reduction by early voluntary conduct of the defendant. The four separate daily violations permitted the court to do so; otherwise, the defendant could continue to flout the court orders by repeated periods of grace for compliance. Temporary periods of compliance with a permanent injunction should not repeatedly allow the postponement of the imposition of a conditional fine, such as that imposed on December 10, 1984. To deny enforcement of the coercive fine set forth in the court's prior order would neutralize the coercive power of the court to enforce its orders.

In his brief, the defendant also argues that the imposition of the fine was beyond the scope of relief requested by the plaintiffs in their May 17, 1985 motion for contempt. This claim is not supported by the record. The plaintiffs' motion specifically requested that the defendant "be adjudged in contempt of this Court, [and] that he be fined accordingly . . . . " In any event, the scope of penalty available to the court is not determined by the plaintiffs' prayer for relief in its complaining motion, but by the coercive penalty prescribed in the underlying injunction alleged to have been violated.

There is no error.

In this opinion the other judges concurred.